UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG DOAN,<br><br>    Plaintiff,<br><br>    v.<br><br>VIETNAMESE BUDDHIST ASSOCIATION OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:19-cv-00996-KJM-KJN PS<br><br>ORDER |

       Plaintiff Cuong Doan, who proceeds without counsel in this action, requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

       The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Moreover, A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff alleges that defendants, and tax exempt corporations, Vietnamese Buddhist Association of Sacramento and Kin Quang Buddhist Youth Association failed to timely and sufficiently respond to plaintiff's request to inspect their corporate documents, in violation of 26 U.S.C. § 6104(d). (See ECF No. 1 at 2-4, 18.) Plaintiff also alleges that these corporations and the other named defendants use their tax exempt statuses and other nefarious schemes to illegally enrich themselves. (See generally ECF No. 1.) According to plaintiff,

> Petitioner used to go [to] the KIM QUANG TEMPLE to pay respect to Buddha and has made hundreds if not thousands in cash donations. Had Petitioner known about the corruption, taken place among the monks, Petitioner would not have made these donations. Petitioner, as well as the California citizens, were deceived and cheated, and became the victims of a large fraudulent scam.

(ECF No. 1 at 15.)

The complaint seeks an order compelling defendants to disclose certain corporate documents; creating a trust comprised of defendants' assets; and awarding plaintiff monetary sanctions, among other demands. (ECF No. 18-20.) Importantly, the complaint does not list any claims or causes of action. It does invoke 26 U.S.C. § 6104, 26 C.F.R. § 301.6104(a)–1, et seq., and 42 U.S.C. § 1985(2). (Id. at 18.)

Pursuant to 26 U.S.C. § 6104, certain tax-exempt organizations are required to make their tax returns available for public inspection. The Internal Revenue Service has enacted regulations that deal with the implementation of 26 U.S.C. § 6104. See 26 C.F.R. § 301.6104(a)–1, et seq. Here, plaintiff seeks redress because defendants have allegedly violated this statute and regulatory scheme vis-à-vis plaintiff's request to inspect defendants' corporate documents. However, as the

Supreme Court has clarified, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979). Indeed, courts considering 26 U.S.C. § 6104 have uniformly determined that there is no private right of action under the statute. See, e.g., Tax Analysts v. I.R.S., 214 F.3d 179, 186 (D.C. Cir. 2000); Schuloff v. Queens Coll. Found., Inc., 994 F. Supp. 425, 428 (E.D.N.Y. 1998), aff'd, 165 F.3d 183 (2d Cir. 1999); accord Tax Analysts v. I.R.S., 410 F.3d 715, 718 (D.C. Cir. 2005). As such, plaintiff cannot state any claim under 26 U.S.C. § 6104 or 26 C.F.R. § 301.6104(a)–1, et seq.

Plaintiff also asserts that "[a]ll facts, and/or complaints pleaded in this petition, involve a federal issued under 42 U.S.C. § 1985(2)." (ECF No. 1 at 18.) However, such a conclusory assertion does not come close to stating a claim. See Iqbal, 556 U.S. at 678. Even liberally construed, it is unclear how 42 U.S.C. § 1985(2)—which prohibits a conspiracy to obstruct justice or intimidate a party, witness, or juror—pertains to the allegations listed in the complaint.

Plaintiff fails to state any claim arising under the Constitution, laws, or treaties of the Unites States. Furthermore, there is no diversity of citizenship jurisdiction, because plaintiff and defendants are all citizens of California. Consequently, the court lacks federal subject matter jurisdiction over this action.

Accordingly, the court dismisses plaintiff's complaint, but with leave to amend. If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified above. Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff concludes that he is unable to cure such federal jurisdictional deficiencies, he may instead elect to file an action in state court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of the date of this order, plaintiff shall file a first amended complaint in accordance with this order. Alternatively, if plaintiff no longer wishes to pursue this action in federal court, plaintiff shall file a notice of voluntary dismissal of the action without prejudice within 28 days of the date of this order.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 2, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

doan.996.IFP dwlta